# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-09369-RGK (FFMx) | Date | February 20, 2015 |
|---|---|---|---|
| Title | ***JOSE ZARAZUA v. NOBEL UTAH LONG BEACH, LLC, etc.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams (Not Present) | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) Motion to Remand Action to State Court (DE 13)**

    On November 3, 2014, Jose Zarazua ("Plaintiff") filed suit against Nobel Utah Long Beach LLC, dba The Westin Long Beach Hotel and Interstate Hotels and Resorts, dba The Westin Long Beach Hotel ("Defendants"). In his Complaint, Plaintiff asserts state claims for (1) Discrimination in Violation of FEHA; (2) Harassment in Violation of FEHA; (3) Retaliation in Violation of FEHA; and (4) Failure to Prevent Harassment in Violation of Government Code § 12940(k), *et seq*.

    On December 5, 2014, Defendants removed the action to this Court alleging diversity of citizenship. Plaintiff now moves to remand the action on the ground that Defendants have failed to meet their burden of showing the requisite amount in controversy at the time of removal.

    Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving by a preponderance of the evidence that the requirements for diversity jurisdiction have been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). There is no dispute that Defendants have adequately shown that the parties are citizens of different states. However, Defendants attempt to show that the amount in controversy exceeds $75,000, but does not succeed on the facts alleged.

    Defendant calculates the amount in controversy using potential damages from (1) back and front pay; (2) compensatory damages from emotional distress, physical injuries, inconvenience, stress, mental anguish, and anxiety; (3) punitive damages; and (4) attorneys' fees.

    As to back and front pay, Defendants have introduced evidence of Plaintiff's annual salary in 2013, as well as his 2014 salary through July 3, 2014, the date of termination. Using these figures, Defendants have determined potential back pay to be at least $36,000 (assuming a trial date of

November 2015). Defendants also calculate potential damages for front pay to be a minimum of $20,000. While the Court finds Defendants' assertions regarding back pay to be adequately supported, the Court does not find Defendants' assertions regarding front pay adequately supported. With respect to front pay, Defendants engage in speculation, both as to the time frame in which Plaintiff could receive front pay, as well as the amount of mitigation. Defendants argue that Plaintiff has submitted no evidence to suggest mitigation. However, for purposes of establishing jurisdiction, the burden rests not on Plaintiff, but on Defendants. Defendants have failed to satisfy their burden on this issue. Therefore, it is improper for Defendants to include their front pay calculation in computing amount in controversy. *See Matheson v. Progressive Specialty Ins. Co*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) (holding that speculative and conclusory allegations as to the amount in controversy are inadequate for jurisdictional purposes.)

As to claims for compensatory damages, Defendants offer as evidence, emotional damages awards juries have given to plaintiffs in other employment discrimination cases. Defendants offer similar evidence to support their contentions involved punitive damages. In certain cases, the Ninth Circuit has allowed defendants to rely on awards from other cases to establish the requisite amount in controversy. However, in employment discrimination cases, reliance on previous awards of emotional and punitive damages to satisfy the amount in controversy requirement is inherently speculative. Without more, Defendants' assertions regarding these damages is insufficient to satisfy their burden of proof.

Defendants also include in their calculation anticipated attorneys fees, and predict that Plaintiff's counsel cannot credibly claim less than 200 billable hours. District courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See e.g., MIC Philberts Invs. v. Am. Cas. Co of Reading Pa*, 2012 WL 2118239 at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accure over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209 at *3 (W.D. Wa. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion into amount in controversy.

In light of the foregoing, the Court is not satisfied that Defendants have supported subject matter jurisdiction by a preponderance of the evidence. The Court **grants** Plaintiff's Motion to Remand and hereby **remands** to state court for all further proceedings.

**IT IS SO ORDERED.**

            :
Initials of Preparer